FILED

06/01/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0507

DA 20-0507

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 137N

BONNIE SHURTZ,

       Plaintiff and Appellee,

  v.

DALTON GROVE PROPERTIES, LP,

       Defendant and Appellant.

ESTATE OF JOHN BILLMAYER, ESTATE
OF KATHRYN BILLMAYER, and all other
persons, unknown, claiming or who may claim
any right, title, estate, or interest in or lien of
encumbrance upon the real property described
in the complaint adverse to plaintiff's ownership
of any cloud upon plaintiff's title, whether the
claim or possible claim is present or contingent,

       Defendants.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twentieth Judicial District, In and For the County of Lake, Cause No. DV-18-255 Honorable Deborah Kim Christopher, Presiding Judge |

COUNSEL OF RECORD:

       For Appellant:

              Richard P. DeJana, Richard De Jana & Associates, PLLC, Kalispell, Montana

       For Appellee:

              Joseph D. Houston, Kevin S. Jones, Jones & Associates, PLLC, Missoula, Montana

Submitted on Briefs: April 14, 2021

Decided: June 1, 2021

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dalton Grove Properties, LP, appeals an order from the Twentieth Judicial District Court, Lake County, denying its motions for partial summary judgment and granting Bonnie Shurtz's cross motion for summary judgment. We affirm.

¶3 This matter concerns a disputed gap of land between the boundaries of properties owned by the parties. On July 26, 1982, the following lakefront property was conveyed to Shurtz and her husband, and subsequently deeded exclusively to Shurtz on June 15, 1998:

> That portion of Government Lot 1, Section 13, Township 26 North, Range 20 West, Lake County, Montana, described as follows:
>
> Commencing at the Northeast corner of Section 13; thence along the North line of Section 13 West 1060.44 feet to the point of beginning; thence South 128.80 feet; thence 490.70 feet more or less to the low water mark of Flathead Lake; thence Northwesterly along the low water mark 140 feet more or less to the North line of Section 13; thence along said North line East 540.59 feet more or less to the point of beginning, containing 1.53 acres more or less of land.
>
> In accordance with Certificate of Survey No. 3864.

3

James and Patricia Lafferty, principals of Dalton Grove, a Texas-based company, were deeded the following lakefront property on February 28, 2003, which was later deeded entirely to Dalton Grove on June 19, 2017:

> A portion of Government Lot 1, Section 13, Township 26 North, Range 20 West, P.M.M., Lake County, Montana, described as follows:
>
> Beginning at a point 20 feet West and 128.8 feet South of the Northeast corner of said Government Lot 1; thence running West 1401.1 feet to the meander line of Flathead Lake; thence along said meander line 100.8 feet; thence East 1413.9 feet to a point 20 feet West of the East line of said Government Lot 1; thence North 100 feet to the place of beginning. Further identified as being Tract 3 of the unrecorded plat of Piedmont Tracts and herein referred to as Deed Exhibit H-55, on file in the office of the Clerk and Recorder of Lake County, Montana.

Both the above-listed properties were once owned by Lewis Butterfield as a larger development entitled, "Lake County Piedmont Tracts" (Piedmont Tracts). On May 18, 1945, the Piedmont Tracts were depicted in Exhibit H-55 (H-55), recorded with the deed, as 18 separate lakefront tracts of real property located on the west side of Flathead Lake. H-55 described Butterfield as the original property owner and included a signed and sworn statement dated May 11, 1945, from a civil engineer. Prior to recording H-55, Butterfield had deeded multiple tracts within the Piedmont Tracts: (1) June 19, 1939, deed for "Lake Co. Piedmont Tracts Lot 18"; (2) April 30, 1940, deed for "Lot 10 of the unrecorded plat of Piedmont Tracts"; (3) April 30, 1940, deed for "Lot 9 of the unrecorded plat of Piedmont Tracts"; (4) September 17, 1941, deed for "Tract No. 16 of the plat of Lake County Piedmont Tracts"; (5) October 10, 1942, deed for "Tract No. 15 of unrecorded plat of Lake County Piedmont Tracts"; (6) May 3, 1943, deed for "Tract No. 11 of the unrecorded plat of

4

Lake County Piedmont Tracts"; (7) April 6, 1945, deed for "Tracts numbered 1 and 2 of the first party's unrecorded plat of Lake County Piedmont Tracts," "Tracts numbered 6, 7, and 8 of the first party's unrecorded plat of Lake County Piedmont Tracts," "Tracts numbered 12, 13, and 14 of the first party's unrecorded plat of Lake County Piedmont Tracts," and "tract numbered 17 of the first party's unrecorded plat of Lake County Piedmont Tracts." The deed dated April 6, 1945 contained a handwritten description stating: "See Deed Exhibit H-55."

¶4 Shurtz's property is part of what was described as "Tracts numbered 1 and 2 of the first party's unrecorded plat of Lake County Piedmont Tracts" and depicted in a deed recorded April 6, 1945. Thereafter, the grantees deeded their interest on May 13, 1946, describing the property conveyed as "Lots 1 and 2 of Piedmont Tracts, according to the map or plat thereof on file and of record in the office of the County Clerk and Recorder of Lake County, Montana." The Clerk and Recorder placed a note on the deed indicating "See Plat H-55 in reference to this Deed." Also, Butterfield deeded title to the property currently owned by Dalton Grove and depicted as "Tract Three" on July 23, 1945. This deed specifically referred to H-55. Butterfield's conveyance of Tract 4 in the Piedmont Tracts also referred to H-55.

¶5 Shurtz's predecessors-in-interest subdivided their interest in Tracts 1 and 2, creating four separate parcels depicted in Certificate of Survey No. 2909 (COS 2909) and No. 3684 (COS 3684). By deed, dated July 26, 1982, Shurtz was conveyed the property depicted in COS 3684. However, when COS 2909 and COS 3684 were prepared, an error was made by the surveyor which created a gap between Tracts 1 and 2 that ran

parallel with cardinal west bearings. Shurtz and her family have utilized the gap, traversed it, and cultivated it since 1982. Shurtz was unaware of the surveying error.

¶6 In July 2017, Dalton Grove hired a surveyor to record a Certificate of Survey 7225-RT (COS 7225-RT). COS 7225-RT detailed the northern boundary of Tract 3 as the southern boundaries indicated in COS 2909 and COS 3684, essentially encompassing the gap at issue. COS 7225-RT thus allocated more land to Tract 3 than what was described in H-55 or than what was contained in the deed to Dalton Grove. Shurtz hired a surveyor as well, who indicated the gap was part of Tract 2, as shown on H-55. Shurtz's surveyor further acknowledged that when COS 2909 and COS 3684 were prepared, they failed to include all of Tracts 1 and 2 and did not establish the northern boundary of Tract 3. However, the surveyor maintained that H-55 accurately depicted all of those boundaries and was the proper description upon which to base the survey.

¶7 Shurtz filed an action for quiet title in October 2018, asserting Dalton Grove was trespassing and had damaged her land, i.e., the gap at issue. Competing motions for summary judgment were filed by both parties in 2019. Dalton Grove argued the gap at issue was part of Tract 3 and that H-55 was not a proper deed depicting the Piedmont Tracts. Shurtz argued the gap was part of Tract 2 and H-55 was the only true and accurate document depicting the conveyance of tracts within the Piedmont Tracts. A two-day bench trial was scheduled for August 19 and 20, 2020, however, was later vacated. The District Court issued a final order on July 17, 2020, which denied Dalton Grove's motions for partial summary judgment, and granted Shurtz's cross motion for summary judgment. Dalton Grove appeals.

6

¶8    "The standard of review for a district court's granting of summary judgment is de novo." *Farmers Ins. Exch. v. Johnson*, 2009 MT 442, ¶ 7, 354 Mont. 192, 224 P.3d 613.  The facts presented are reviewed to determine whether the prevailing part is entitled to judgment as a matter of law.  *Johnson*, ¶ 7.  Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  M. R. Civ. P. 56(c); *Mattson v. Mont. Power Co.*, 2009 MT 286, ¶ 15, 352 Mont. 212, 215 P.3d 675.  We review a district court's conclusions of law de novo to determine whether those conclusions are correct.  *Mattson*, ¶ 15.

¶9    Dalton Grove asserts the District Court erred in relying solely on H-55. Dalton Grove also asserts COS 7225-RT correctly depicts the boundary lines between Tract 2 and Tract 3; that H-55 only provides subjective extrinsic evidence; and that Butterfield intended to include the gap within Tract 3.  We disagree.

¶10    When the description contained in a deed "refers to a map and that reference is inconsistent with other particulars, *it controls them if it appears that the parties acted with reference to the map.*"  Section 70-20-201(6), MCA (emphasis added).  H-55 is a map of the Piedmont Tracts created and certified by a civil engineer in 1945.  The description provided, "the annexed plat is a true and correct copy of the original plat of the Lake County Piedmont Tracts."  All other deeds and conveyances by Butterfield, or subsequent grantees, involving the Piedmont Tracts refer to the H-55 map or plat.

7

We conclude H-55 is the controlling document depicting the Piedmont Tracts and its conveyances.

¶11 Our conclusion is supported by our assessment of the parties' intent. "The main object in construing a deed is to ascertain the intention of the parties from the language used and to effectuate such intention where not inconsistent with any rule of law." *Henningsen v. Stromberg*, 124 Mont. 185, 191, 221 P.2d 438, 442 (1950). H-55 is the only instrument that purports to show Butterfield's intended divisions and conveyances. All subsequent documents, including the Shurtz deed and the Dalton Grove deed, reference H-55. The property descriptions in Butterfield's deeds that predate the recording of H-55 demonstrate he conveyed the properties with reference to what was depicted in H-55. To construe the conveyances consistently and ascertain the intent of the Butterfield deeds, the District Court had to rely on H-55. The District Court did not err in concluding H-55 expressed the intention of the Butterfield deeds, particularly in the conveyances to Shurtz and Dalton Grove.

¶12 The District Court also correctly concluded that § 70-20-201, MCA, gives priority to maps referenced by the deed of conveyance. Section 70-20-201(6), MCA, provides that "[w]hen the description refers to a map and that reference is inconsistent with other particulars, it controls them if it appears the parties acted with reference to the map . . . ." The District Court's conclusion that H-55 clearly established the intention of the landowner was supported by the continual reference to H-55 in the deeds, the conveyances, and descriptions of the boundary lines. Furthermore, the District Court was correct in concluding COS 7225-RT was not an accurate depiction of the conveyances.

¶13   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14   Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR